Copy

**IN THE SUPERIOR COURT**
**OF GUAM**

FILED
SUPERIOR COURT

THE PEOPLE OF GUAM,                    )         Criminal Case No. CF0218-08
                                       )
                                       )
v.                                     )         **DECISION AND ORDER** OF COURT
                                       )         re: Motion for Inclusion of Interest
                                       )         in Restitution Order
ALBERT S. TOPASNA,                     )
                                       )
                    Defendant.         )
_____)

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on November 4, 2011 for a motion for inclusion of interest in a restitution order. The People are represented by Assistant Attorney General David Rivera. Defendant was represented by Attorney Stephanie Flores. After considering the matter presented, the court now issues the following decision and order denying the People's motion for inclusion of interest in restitution order.

## BACKGROUND

On May 13, 2010, Defendant was convicted of Theft by Deception (As a Second Degree Felony). At his sentencing hearing, the court ordered that Defendant pay $12,500.00 be paid in restitution. The amount represented the amount of money paid by the victim to the Defendant for the real property that was the subject of his conviction. The victim now requests that the court include $4,497.50, which is the mount of interest he paid on the bank loan he took out to pay the $12,500.00, in the restitution order.[1]

## DISCUSSION

The court has jurisdiction over the matter pursuant to 7 GCA §3105. The issue before the court is the amount the Defendant is liable for regarding the sale of real property to the victim. More specifically, whether the court will include the $4,497.50 in interest to the restitution order. The plea

---

[1] The court notes that the instant motion was filed before the Defendant passed away on September 27, 2011 and argued after his death.

agreement states that "Defendant shall pay restitution in the amount of $12,500.00. The issue of interest will be separately decided."

A defendant who has been convicted of an offense may be ordered to pay restitution for property shown to be lost as long as the restitution does not exceed the victim's loss in that offense. 9 G.C.A. § 80.50; see *U.S. v. Miguel*, 49 F.3d 505, 508 (9th Cir. 1995); see also *U.S. v. Tyler*, 767 F.2d 1350, 1351 (9th Cir. 1985)("[R]estitution is proper only for losses directly resulting from the defendant's offense."). The Government must prove the victim's loss by a preponderance of the evidence before the court will order any restitution. *U.S. v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003). Under Title 9 G.C.A. §80.50(e), the court must make a finding as to the amount of gain or loss caused by the Defendant's actions. Under this statute, "gain" refers to the amount of money or value derived from the property by the offender. "Loss" means the amount of money or value of property separated from the victim as a direct result of the actions of the offender.

With regards to the victim's loss, the People seek to hold Defendant liable for an extra $4,497.50 in restitution. The court disagrees with the People that the interest paid by the victim is an out of pocket expense that directly relates to the Defendant's criminal conduct. The amount of money separated from the victim as a direct result of the Defendant's actions was $12,500.00.

## CONCLUSION

For these reasons, the court DENIES the People's Motion for Inclusion of Interest in Restitution Order.

SO ORDERED, this 17th day of February 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

FEB 17 2012

*James R. Borja*
Deputy Clerk, Superior Court of Guam

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

- 2 -